UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X   Case No. 18-CV-03994 (BMC)
JUAN AMAYA,

                    Plaintiff,                  **ANSWER OF DEFENDANTS**
                                                                       **CASINO DEVELOPMENT**
  -against-                                      **GROUP, INC. AND PETER**
                                                                       **COLAVITO TO SECOND**
MONOLITHIC CONTRACTING INC., JOSEPH       **AMENDED COMPLAINT**
ZANCA, CASINO DEVELOPMENT GROUP,
INC. and PETER COLAVITO,

                    Defendants.
----------------------------------------------------------X

        Defendants Casino Development Group, Inc. ("Casino") and Peter Colavito ("Colavito"), by their attorneys, Hollander Law Group, PLLC, as and for their Answer to the Second Amended Complaint herein, hereby state as follows:

        1.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Second Amended Complaint and beg leave to refer to said "Regulations" for their true terms and legal effect.

        2.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Second Amended Complaint and beg leave to refer to §216(b) of the FLSA, 29 U.S.C §216(b) and 28 U.S.C. §1331 for their true terms and legal effect.

        3.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Second Amended Complaint and beg leave to refer to 28 U.S.C. §1367(a) for its true terms and legal effect.

        4.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Second Amended Complaint and beg leave to refer to 28 U.S.C. §1391(b)(2) for its true terms and legal effect.

5. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 34, 35, 36, 41, 43, 44, 45, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88 and 89 of the Second Amended Complaint.

6. Admit the allegations contained in paragraphs 31, 32, 33, 37, 38, 39, 40 and 42 of the Second Amended Complaint.

7. Admit only the allegations of paragraph 46 of the Second Amended Complaint that Defendant Casino owned and operated a business that provided construction services throughout New York City and denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in said paragraph.

## ANSWERING COUNT I

8. Answers paragraph 90 of the Second Amended Complaint by repeating and realleging each and every admission and denial previously made as though set forth at length herein.

9. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 91 of the Second Amended Complaint and beg leave to refer to FLSA (2 U.S.C. §207(a)(2) for its true terms and legal effect.

10. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 92, 93, 95, 96, 97, 98, 99, 100, 101, 102, and 103 of the Second Amended Complaint.

11. Admit the allegations contained in paragraph 94 of the Second Amended Answer and beg leave to refer to 29 U.S.C. §207(a)(1) for its true terms and legal effect.

12. Deny the allegations contained in paragraphs 104, 105 and 106 of the Second Amended Complaint.

## ANSWERING COUNT II

13. Answers paragraph 107 of the Second Amended Complaint by repeating and realleging each and every admission and denial previously made as though set forth at length herein.

14. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 108 of the Second Amended Complaint and beg leave to refer to the New York Labor Law and supporting Regulations for its true terms and legal effect.

15. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 109 of the Second Amended Complaint and beg leave to refer to the New York Labor Law and supporting Regulations for its true terms and legal effect.

16. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 110 of the Second Amended Complaint and beg leave to refer to the New York Labor Law and supporting Regulations for its true terms and legal effect.

17. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 111 of the Second Amended Complaint and beg leave to refer to the New York Labor Law §§2 and 651 for its true terms and legal effect.

18. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 112 of the Second Amended Complaint and beg leave to refer to Article 19 of the New York Labor Law and supporting Regulations for its true terms and legal effect.

19. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 113 of the Second Amended Complaint and beg leave to refer to the New York Labor Law, FLSA, and 12 N.Y.C.R.R. for its true terms and legal effect.

20. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 114 of the Second Amended Complaint and beg leave to refer to the New York Labor Law and supporting Regulations for its true terms and legal effect.

21. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 115 and 117 of the Second Amended Complaint.

22. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 116 of the Second Amended Complaint and beg leave to refer to the New York Labor Law and supporting Regulations for its true terms and legal effect.

23. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 118 of the Second Amended Complaint and beg leave to refer to the New York Labor Law and supporting Regulations for its true terms and legal effect.

24. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 119 of the Second Amended Complaint and beg leave to refer to the New York Labor Law Article 19, §§ 659 et. seq. and supporting Regulations for its true terms and legal effect.

25. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 120 of the Second Amended Complaint and beg leave to refer to the New York Labor Law and supporting Regulations for its true terms and legal effect.

## ANSWERING COUNT III

26. Answers paragraph 121 of the Second Amended Complaint by repeating and realleging each and every admission and denial previously made as though set forth at length herein.

27. Deny the allegations contained in paragraphs 122, 123 and 124 of the Second Amended Complaint.

28. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 125 of the Second Amended Complaint and beg leave to refer to the New York Labor Law Sections 191 and 198 and supporting Regulations for its true terms and legal effect.

## ANSWERING COUNT IV

29. Answers paragraph 126 of the Second Amended Complaint by repeating and realleging each and every admission and denial previously made as though set forth at length herein.

30. Deny the allegations contained in paragraph 127 of the Second Amended Complaint and beg leave to refer to the New York Labor Law Section 191 and supporting Regulations for its true terms and legal effect.

31. Deny the allegations contained in paragraph 128 of the Second Amended Complaint and beg leave to refer to the New York Labor Law Section 190 et. seq. and supporting Regulations for its true terms and legal effect.

32. Deny the allegations contained in paragraph 129 of the Second Amended Complaint and beg leave to refer to the New York Labor Law §198(1-b) and for its true terms and legal effect.

## ANSWERING COUNT V

33. Answers paragraph 130 of the Second Amended Complaint by repeating and realleging each and every admission and denial previously made as though set forth at length herein.

34. Deny the allegations contained in paragraph 131 of the Second Amended Complaint and beg leave to refer to the New York Labor Law §195(3) and for its true terms and legal effect.

35. Deny the allegations contained in paragraph 132 of the Second Amended Complaint and beg leave to refer to the New York Labor Law §190 et. seq. and supporting Regulations for its true terms and legal effect.

36. Deny the allegations contained in paragraph 133 of the Second Amended Complaint and beg leave to refer to the New York Labor Law §198 (1-d) for its true terms and legal effect.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

37. Plaintiff was not employed by Defendant Casino as defined under the Fair Labor Standards Act, 29 U.S.C. §§ 201 et. seq. and, therefore, Defendant Casino has no liability to plaintiff.

38. Based on the foregoing, Plaintiff may not maintain this action.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

39. Upon information and belief, in the alternative, any hours driven by Plaintiff was incidental to his normal commuting time and normal commuting area.

40. Based on same, plaintiff may not maintain this action under the "Portal-to-Portal Act" and the "Employee Flexibility Act."

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

41. Upon information and belief, in the alternative, pursuant to the "Portal-to-Portal Act" and the "Employee Flexibility Act," Plaintiff may not maintain this action.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

42. Upon information and belief, in the alternative, Plaintiff was supplied a Monolithic company van to commute to and from work. Such vehicle is of a type that does not impose greater operating difficulties than a typical commuting vehicle such as a car.

43. Upon information and belief, that any permanent or removable details or advertisement in Casino's name, affixed to the vehicle, has no effect on the general rule that Plaintiff is not entitled to compensation for commuting to and from work, on his normal route, and normal area.

44. Based on the foregoing, Plaintiff may not maintain this action.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

45. Upon information and belief, in the alternative, Defendant Monolithic properly paid Plaintiff each and every hour worked as a construction worker on various job sites and such hours were calculated properly, through a "check in – check out" sign in system.

46. Upon information and belief, Plaintiff was regularly paid overtime hours for work performed as a construction worker at various sites.

47. Based on the foregoing, Plaintiff may not maintain this action.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

48. Upon information and belief, in the alternative, Defendant Monolithic properly disclosed hours worked and rate per hour paid to Plaintiff as required by law.

49. Based on the foregoing, Plaintiff may not maintain this action.

7

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

50. Upon information and belief, Plaintiff has failed to establish the existence of a joint employment relationship under the Fair Labor Standards Act, 29 U.S.C. §§ 201 et. seq. and, therefore, Plaintiff may not maintain this action.

**WHEREFORE,** Defendants Casino Development Group, Inc. and Peter Colavito demand judgment dismissing plaintiff's Amended Complaint in its entirety and for such other and further relief as this Court deems just and proper.

Dated: Great Neck, New York
November 29, 2018

                                          **HOLLANDER LAW GROUP, PLLC**
                                          Attorneys for Defendants
                                          Casino Development Group, Inc. and
                                          Peter Colavito

                                          By:_____
                                              Larry B. Hollander (LH9249)
                                              Craig M. Nisnewitz (CMN3517)
                                          40 Cutter Mill Road, Suite 203
                                          Great Neck, New York 11021
                                          (516) 498-1000
                                          lhollander@hollanderlawpllc.com

**TO:**   **NEIL H. GREENBERG & ASSOCIATES, P.C.**
        4242 Merrick Road
        Massapequa, New York 11758
        (516) 228-5100

G:\1523-111\Casino Answer 2nd Amended Complaint.docx